UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CATRICE COWART                                         CIVIL ACTION

VERSUS                                                      NO. 23-6934

EQUIPMENTSHARE.COM, INC., ET            SECTION "R" (4)
AL.

## ORDER AND REASONS

Before the Court are plaintiff Catrice Cowart and defendant Equipmentshare.com, Inc.'s ("Equipmentshare") joint motion to remand[1] and plaintiff's unopposed supplemental motion to remand.[2]   For the following reasons, the Court grants the motions.

## I.    BACKGROUND

Plaintiff filed this action in Louisiana state court on May 31, 2023.[3] Equipmentshare was served on June 29, 2023,[4] and Equipmentshare removed the matter to this Court on November 17, 2023, on the basis of

---

[1]      R. Doc. 4.
[2]      R. Doc. 5.
[3]      R. Doc. 1-1.
[4]      R. Doc. 4-1 at 1.

diversity jurisdiction.[5]   Plaintiff and Equipmentshare filed a joint motion to remand on December 12, 2023, stipulating that removal was untimely because it occurred more than thirty days after Equipmentshare received a copy of the initial pleading.[6]   On December 15, 2023, plaintiff filed a supplemental motion to remand reiterating that removal was untimely, and asserting that defendant Equipmentshare improperly removed without obtaining the consent of its previously served codefendant, Sullair, LLC.[7]

The Court considers the motion below.

## II.   DISCUSSION

As a threshold matter, Equipmentshare's decision not to oppose plaintiff's remand motion provides sufficient grounds to remand on its own. *Brown v. Heintz*, No. 16-13697, 2017 WL 604034, at *2 (E.D. La. Feb. 15, 2017) (collecting cases); *see also Williams v. Parker*, 843 F.3d 617, 621 (5th Cir. 2016) ("[T]he party invoking federal jurisdiction bears the burden of establishing its existence." (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998))); *Jackson v. City of New Orleans*, No. 95-1340,

---

[5]     R. Doc. 1.
[6]     R. Doc. 4.
[7]     R. Doc. 5-1 at 2.

1995 WL 599046, at *1 (E.D. La. Oct. 10, 1995) (holding that plaintiff's remand motion "could be granted as unopposed").

Additionally, the Court finds that remand is required because Equipmentshare's removal was untimely.  "The notice of removal of a civil action . . . shall be filed within 30 days" of defendant's receipt of "a copy of the initial pleading . . . or within 30 days after the service of summons upon the defendant."  28 U.S.C. § 1446(b).  Here, Equipmentshare received a copy of the initial pleading on June 29, 2023, and filed its notice of removal 141 days later on November 17, 2023.  The joint motion to remand was filed on December 12, 2023, less than thirty days after Equipmentshare filed the notice of removal.  *See* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.").

Because Equipmentshare offers no justification for its failure to timely remove the action and joins in the motion to remand, the Court finds that removal was not timely, and the case must be remanded.  *See Decatur Hosp. Auth. v. Aetna Health, Inc.*, 854 F.3d 292, 297 (5th Cir. 2017) ("Because [defendant] filed its notice of removal more than 30 days after [the date it received service of the petition], we hold that remand was proper."); *Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 762 (5th Cir. 2000) (holding

motion to remand should have been granted where notice of removal was untimely).

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff and defendant's joint motion to remand[8] and plaintiff's supplemental motion to remand.[9] This matter is REMANDED to the 34th Judicial District Court for St. Bernard Parish in the State of Louisiana.


New Orleans, Louisiana, this __18th__ day of December, 2023.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE


---

8      R. Doc. 4.
9      R. Doc. 5.